Aziz A. TOKH and Susan K. Tokh, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 01–2988.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 14, 2001.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Husband and wife Aziz and Susan Tokh petitioned the United States Tax Court for redetermination of deficiencies and negligence penalties assessed against them for the tax years 1996 and 1997. The tax court substantially upheld the assessments, and the Tokhs appeal.

The Tokhs claimed a number of deductions based primarily on estimated expenses: unreimbursed employment expenses, 26 U.S.C. § 162(a), charitable contributions, 26 U.S.C. § 170, and expenses related to investments and income-producing rental property, 26 U.S.C. § 212(1) & (2), and to Aziz's home office, 26 U.S.C. § 280A(c)(1)(A). The only evidence introduced at trial on these issues was the testimony of Aziz, who the tax court found had a "severe credibility problem." The court found the Tokhs' employment, investment, and rental property deductions, as well as the deductions for charitable cash donations, to be completely unsubstantiated by receipts or records and based instead solely on the Tokhs' own estimates. The court deemed the estimates "excessive," and Aziz himself conceded that they might be inaccurate. Thus, the court denied most of the claimed deductions in these categories due to the absence of credible evidence showing that the expenses were incurred and the presumption of correctness awarded deficiency assessments. *See, e.g., Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Pittman v. Comm'r,* 100 F.3d 1308, 1313 (7th Cir.1996). *Cf.* 26 U.S.C. § 7491(a) (shifting burden of proof to Commissioner for fact issues on which taxpayer introduces credible evidence so long as taxpayer has complied with all recordkeeping and substantiation requirements and cooperated fully with Commissioner).

Regarding their deductions for used goods they claimed to have donated to charities, the Tokhs offered "tax receipts" bearing the charities' letterheads on which the Tokhs had listed the items donated and their values. The tax court found these "self-generated receipts" unreliable, and added that Aziz's testimony failed to cure the defect in documentation.

In relation to the Tokhs' home-office deduction, Aziz testified that he used a spare bedroom equipped with a drafting table, drafting equipment, and reference books exclusively for his work as an architect for Metra, a Chicago area commuter railroad. Aziz further testified that he spent approximately 60% of his work hours in a downtown Chicago Metra office to which he had 24–hour access and the remainder of his time working at home or at project sites. Aziz acknowledged, however, that Metra did not require him to maintain a home office. The tax court concluded that the Tokhs could not claim a deduction because Aziz failed to prove his home office was his "principal place of business" under the test outlined in *Commissioner v. Soliman*, 506 U.S. 168, 175–77, 113 S.Ct. 701, 121 L.Ed.2d 634 (1993). Because the Tokhs did not introduce evidence concerning the significance of the *activities* Aziz performed at each work location, the court could look only to the amount of *time* Aziz spent at each location; the time factor, the court found, suggested that Aziz's home office was not his principal place of business. *See id.* Moreover, the court noted, the fact that Metra did not require Aziz to maintain a home office and instead provided him unlimited access to its downtown office suggested that Aziz did not use the office exclusively "for the convenience of his employer." *See* 26 U.S.C. § 280A(c)(1).

Finally, the court imposed the accuracy-related penalties the Commissioner requested for "negligence or disregard of rules or regulations." *See* 26 U.S.C. § 6662. The court concluded that the Tokhs' persistence in claiming unsubstantiated deductions, despite being warned against doing so during a 1991 audit, combined with Aziz's testimony that he was aware of the substantiation requirements but was too busy to comply with them and had no plans to change his methods, suggested a pattern of disregard for applicable rules.

On appeal, the Tokhs first attempt to introduce evidence that was not before the tax court. They insist that Aziz works in his home office 28 hours each week and submit a letter in which Aziz's supervisor opines that his home office is "necessary" to Metra. The Tokhs also contend that they "kept diaries" that substantiate their charitable contributions. But none of these items of evidence was presented to the tax court, so the Tokhs may not rely on them now. *See, e.g., Hintz v. Comm'r,* 712 F.2d 281, 286 (7th Cir.1983) ("As an appellate court, we can only evaluate the record as it was before the Tax Court.")

Regarding their rental property and investment expenses, the Tokhs seem to argue that the tax court rejected these deductions categorically, when in fact the Tokhs were allowed several unsubstantiated deductions for these expenses. The court disallowed only those deductions that it concluded lacked documentation, and the Tokhs do not explain why the court's assessment of the evidence was incorrect.

█ Next, the Tokhs contend that the tax court was required to estimate their allowable deduction for employment expenses. Though sometimes followed, this practice is not mandatory, and in any event applies only when the taxpayer establishes that the expense was incurred, *see, e.g., Xuncax v. Comm'r,* 82 T.C.M. (CCH) 455 (2001), which the Tokhs failed to do.

█ Contrary to the Tokhs's suggestions, denying an unsubstantiated charitable deduction does not violate the First Amendment simply because the purported donee is a religious organization. *See, e.g., Hernandez v. Comm'r,* 819 F.2d 1212, 1221–25 (1st Cir.1987); *Winters v. Comm'r,* 468 F.2d 778, 781 (2d Cir.1972).

Regarding the penalties, the Tokhs insist that they should not be imposed due to the "complexity" of the tax laws, but they fail to identify any provision that caused them confusion. They thus have failed to meet their burden of proving that they did not act negligently. *See Accardo v. Comm'r*, 942 F.2d 444, 452 (7th Cir. 1991) (Commissioner's determination of negligence or intentional disregard of the Code is presumed correct).

Finally, the Tokhs reassert a host of arguments regarding perceived irregularities in the underlying audit. We agree with the tax court's conclusion that these arguments are irrelevant to the matters at hand.

Accordingly, the judgment of the tax court is AFFIRMED.