T.C. Memo. 2004-114

UNITED STATES TAX COURT

VICTOR WOODS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13056-02.                    Filed May 11, 2004.

Victor Woods, pro se.

<u>Thomas Yang</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of $3,438 in petitioner's Federal income tax for 1999.[1]  The issue to be decided is whether petitioner is entitled to deduct his claimed Schedule C expenses for 1999.

---

[1]  Amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Bloomingdale, Illinois.

Petitioner is a self-employed motivational speaker. Petitioner filed his Federal tax return for 1999, reporting $16,020 in gross receipts and claiming the following deductions on Schedule C, Profit or Loss From Business:

| Expense | Amount |
|---|---|
| Car and truck expenses | $5,781 |
| Insurance (other than health) | 984 |
| Legal and professional services | 1,000 |
| Office expense | 250 |
| Rent or lease | |
| a. Vehicles, machinery, and equipment | 900 |
| b. Other business property | 1,524 |
| Other expenses | |
| a. Telephone | 1,500 |
| b. Business supplies | 1,500 |
| c. Credit card payments | 1,200 |
| d. Cellular telephone | 1,250 |
| Total | 15,889 |

On May 14, 2002, respondent issued a notice of deficiency to petitioner for 1999 determining an income tax deficiency of $3,438 after denying petitioner's claimed deduction for Schedule C expenses. On August 12, 2002, petitioner timely filed a petition with the Court disputing respondent's determination.

OPINION

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction he claims.[2]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162,[3] a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, if the taxpayer maintains sufficient records to substantiate the expenses.  Sec. 162(a); see sec. 6001; Deputy v. duPont, 308 U.S. 488, 495 (1940); sec. 1.6001-1(a), Income Tax Regs.  However, traveling expenses and expenses paid or incurred with respect to listed property, i.e., a passenger automobile, computer or peripheral equipment, and cellular telephones, are deductible only if the taxpayer meets the stringent substantiation requirements of section 274.  See sec. 274(d); sec. 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.280F-6T(b), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24,

_____

[2]  We need not decide whether the burden of proof shifts to respondent under sec. 7491(a) because petitioner failed to comply with respondent's reasonable requests for information.  In any event, we decide this case on the basis of the preponderance of evidence on the record.

[3]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

1984). In addition, under section 280A(c)(1)(A), deductions arising from the use of a dwelling unit that was used by the taxpayer as a residence are generally disallowed unless the taxpayer proves a portion of the dwelling unit was used exclusively and regularly as his principal place of business or satisfies another of the exceptions in section 280A(c).

On April 22, 2003, petitioner was served with a pretrial order. Before the trial, petitioner did not cooperate in informal discovery by providing respondent with any documentary or written evidence to substantiate his claimed expenses and did not identify any potential witnesses. In addition, petitioner made no effort to keep respondent informed of his current address and telephone number. Petitioner did not sign a stipulation of facts until the day of trial. The stipulation of facts did not address any of the substantiation issues for petitioner's claimed Schedule C expenses.

During the trial, petitioner presented a July 14, 1999, Chicago Tribune newspaper article that discussed petitioner's background and motivational speeches as an evidentiary submission. Petitioner presented no admissible documentary evidence to substantiate any of the claimed expenses and gave vague and general testimony.

As to section 274 expenses, petitioner testified that he could recall car payments of approximately $450 per month.

However, petitioner failed to produce records or documents to substantiate the mileage and the amount, time, and business purpose of the expenses paid or incurred for the car. Petitioner also failed to produce records or documents to substantiate any business travel, computer or peripheral equipment, or a cellular telephone. Consequently, petitioner is disallowed a deduction for any of these expenses. See sec. 274(d); Shea v. Commissioner, 112 T.C. 183, 187 (1999); Smith v. Commissioner, 80 T.C. 1165, 1171 (1983); Gaylord v. Commissioner, T.C. Memo. 2003-273; Boler v. Commissioner, T.C. Memo. 2002-155; Wilson v. Commissioner, T.C. Memo. 2001-301; sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

With respect to section 280A expenses, petitioner made only uncorroborated approximations. Petitioner testified that he recalled the rent to be approximately $1,150 per month, estimated electricity bills at an average of $80 per month, gas bills estimated at $54 per month, and an estimated $200 per month for telephone bills. Petitioner admitted that these expenses were for his residence but also claimed he did business out of his home. However, there is no evidence in the record that any part of petitioner's home was used exclusively and regularly for business or otherwise qualifies for an exception from the general rule of section 280A disallowing expenses of a dwelling unit used by the taxpayer as a personal residence. Therefore, petitioner

is not entitled to deduct any of the expenses relating to the use of his personal residence. See Strohmaier v. Commissioner, 113 T.C. 106, 111 (1999); Krist v. Commissioner, T.C. Memo. 2001-140; Verma v. Commissioner, T.C. Memo. 2001-132; Tokh v. Commissioner, T.C. Memo. 2001-45, affd. 25 Fed. Appx. 440 (7th Cir. 2001).

The only other testimony petitioner gave was about legal expenses. Petitioner testified that he incurred legal expenses in a custody battle for his daughter. When the Court informed petitioner that those legal expenses were not business expenses, petitioner testified that he had also incurred legal expenses when he had contracts and documents related to his speaking engagements reviewed by an attorney. Petitioner failed to provide the Court with any evidence of the amounts paid for these legal expenses or any of the remaining expenses. In addition, petitioner did not provide the Court with a basis from which we could make any estimate under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); see Edwards v. Commissioner, T.C. Memo. 2002-169; Caralan Trust v. Commissioner, T.C. Memo. 2001-241.

Therefore, we hold that petitioner is not entitled to deduct any of the Schedule C expenses he claimed for 1999.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

<u>Decision will be</u>

<u>entered for respondent</u>.