T.C. Summary Opinion 2010-95

UNITED STATES TAX COURT

COLLEEN A. LYNCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10688-09S.                    Filed July 19, 2010.

Colleen A. Lynch, pro se.

<u>Jeffery D. Rice</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2006, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case. Respondent determined a $2,994 deficiency in petitioner's 2006 income tax. The issues[2] presented for our consideration are whether: (1) Petitioner substantiated certain employee business deductions claimed on Schedule A, Itemized Deductions; and (2) certain deductions claimed on Schedule A should have been claimed as business deductions on Schedule C, Profit or Loss From Business, and whether petitioner has substantiated those deductions.

## Background

Petitioner resided in California at the time that her petition was filed. During the 2006 tax year petitioner had three sources of income. She engaged in an activity involving the sale of jewelry and earned wages from two sources--Coworx Staffing Services (Coworx) and United Way, Inc. (United). In the Coworx job petitioner was subcontracted to service the Waterford Crystal Co. (Waterford) by going to various department stores and making sure that the Waterford products were prominently and properly displayed for sales potential. Similarly, in her position with United, petitioner was a fundraiser who promoted the charitable goals of United at various corporate establishments. Petitioner's travel and vehicle expenses in

---

[2]Respondent conceded that petitioner is entitled to a $75 deduction for preparation of her tax return.

connection with her Waterford work were not reimbursed, but those for United were.  For 2006 petitioner earned $24,499 from United and $2,673 from Coworx.

During 2004 petitioner took a course in entrepreneurial skills with the intent of establishing a jewelry business.  Her interest in a jewelry business overlapped with her involvement in retailing of "fashion items" and retail promotion.  She made plans to purchase lines of jewelry and ultimately sell the jewelry to the big volume retailers.  To that end, petitioner had a logo and business cards prepared.  The business name she chose was "Amazonia" because her jewelry was Brazilian in origin and style.  Petitioner had the business name registered with the California Franchise Tax Board, and she investigated and considered involvement with the local chamber of commerce.

During 2005 and 2006, in her efforts to sell jewelry, petitioner drove to jewelry shows to accumulate additional information and contacts regarding jewelry purchasing and sales. She became acquainted with a Brazilian jewelry manufacturer who made the type of jewelry that petitioner thought would be suitable for her business.  After purchasing some of the Brazilian jewelry petitioner negotiated with the manufacturer; and although the product quality was good, she was unable to reach terms that would produce the quantity of product necessary to be profitable.

During 2006 petitioner continued her effort to duplicate the Brazilian product, and she sought out the representative of a Chinese jewelry manufacturer. The product was produced and acquired by petitioner; and although the manufacturer was able to produce sufficient quantities, the quality was substandard.

Petitioner's 2006 tax return was prepared by a professional tax return preparer. Petitioner provided the preparer with her tax papers, and he reported all of her expenditures, irrespective of whether connected with employee activities or the Amazonia activity on Schedule A. After the audit and before trial petitioner realized that her expenses connected with Amazonia should have been claimed on a Schedule C as business, rather than employee, expenses.

The following expenses were claimed on Schedule A of petitioner's 2006 tax return and disallowed by respondent:

| Item | Amount |
|------|--------|
| Vehicle expense | $18,418 |
| Travel expense | 3,548 |
| Meals and entertainment | 2,415 |
| Business classes | 210 |
| Cellular phone | 665 |
| Computer landline | 720 |
| Office supplies | 345 |
| P.O. box | 120 |
| Web hosting and access | 100 |
| Web site design | 50 |

Petitioner also claimed $150 for tax return preparation, and respondent now agrees and petitioner concedes that the amount allowable is $75.

## Discussion

This case involves the classification and substantiation of deductions. Taxpayers are permitted deductions for ordinary and necessary expenses incurred in carrying on a trade or business or in the production of income. Secs. 162, 212. To be entitled to the deduction, a taxpayer must keep sufficient records to substantiate the amounts claimed. Sec. 6001. Regarding unreimbursed expenses, an employee must show that there is no entitlement to reimbursement. Further, employee expenses are generally allowed as miscellaneous itemized deductions and subject to certain limitations. Sec. 67(a) and (b). Finally, certain travel, entertainment and meals, and vehicle expense deductions are subject to more stringent recordkeeping and substantiation requirements. Sec. 274(d).

We consider each of petitioner's disallowed deductions separately and decide whether there has been sufficient substantiation and, if so, whether the deduction is allowable on Schedule A or Schedule C.

### Amazonia Status

Initially, we address the question of whether Amazonia, petitioner's jewelry activity, was a Schedule C activity (a business entered into for a profit). Because petitioner's income of $268 was less than her expenses, her activity for the year resulted in a loss. Respondent questions whether petitioner's

Amazonia activity was entered into with the intent to make a profit, because that is determinative of whether any portion of the deduction in excess of income is deductible. See sec. 183; sec. 1.183-2, Income Tax Regs.

Petitioner invested a great deal of time and money with the intent of making Amazonia profitable. She began taking entrepreneurial courses in 2004, and she consulted various professionals concerning her business logo, business card, approach, and related matters. She also did extensive research on various types of jewelry and decided that Brazilian jewelry had the right combination of appeal and cost to be mass marketable. She found a Brazilian manufacturer, bought some of his product, and negotiated various terms, including the quantity of production. Petitioner was very satisfied with the cost, appearance, and quality of the Brazilian manufacturer's jewelry, but he was not able to produce it in sufficient quantities for mass marketing purposes.

Petitioner then found a Chinese manufacturer and sought to have him reproduce the Brazilian style jewelry in China. The Chinese manufacturer could produce large quantities in a short time, but the product quality turned out to be substandard. By the end of 2006 petitioner made some sales of the product acquired but was unable to introduce her jewelry to the large-scale retailers. Although petitioner enjoyed selling jewelry,

she worked hard in seeking a profit, even though her extensive efforts resulted in a loss for 2006.  Under these circumstances, we hold that petitioner was engaged in the wholesale jewelry business with the intent to make a profit.  Accordingly, any ordinary, necessary, and substantiated expenses while she was engaged in that business are deductible as business expenses on Schedule C.

Vehicle Expenses--$18,418

Petitioner drove her personal car extensively as an employee and for her Amazonia business.  Initially, we must note that petitioner did not keep particularly good records and that fact weighs heavily against her.  The $18,418 claimed on the 2006 tax return is the total of all automobile expenses.  Because petitioner admits that she was entitled to and/or was reimbursed for her United vehicle expenses, she is not allowed any deduction for them.  See Tokh v. Commissioner, T.C. Memo. 2001-45, affd. 25 Fed. Appx. 440 (7th Cir. 2001); sec. 1.67-1T(a)(1)(i), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988).

With respect to petitioner's vehicle expenses for Coworx, her trips occurred at the end of the year, beginning in November. The evidence in the record is sufficient to establish the date and purpose of each trip.  She would drive 50 miles round trip to Bloomingdale's in Newport on some days and 20 miles round trip to Macy's in Westminster on others.  The travel occurred during all

of November and December, when petitioner made approximately 38 round trips to promote Waterford products. Because petitioner was not entitled to reimbursement from Coworx or Waterford, we hold that she is entitled to a deduction based upon 1,330 total miles at the standard mileage rate for her 2006 tax year on Schedule A, subject to any limitations that may apply.

With respect to the jewelry business, petitioner drove to several cities. Amongst others, she drove to Las Vegas, Phoenix, Santa Barbara, Palm Springs, and San Francisco during 2006 in pursuit of her Amazonia activity, as indicated in a contemporaneously maintained log. She drove to those cities to attend jewelry shows or to visit specialty jewelry retailers for purposes of enhancing her line of jewelry. According to her records, she drove at least 3,200 miles for purposes of attending jewelry shows and/or checking suitable product lines. Petitioner is entitled to deduct that amount of mileage at the standard rate as a business expense on her Schedule C for 2006. Although petitioner's log refers to more mileage than is being allowed, her recordkeeping was inadequate to properly substantiate any amount in excess of 3,200 miles for 2006.

Travel Expense--$3,548; Meals and Entertainment--$2,415; Business Classes--$210; and Office Supplies--$345

With respect to the travel and meals and entertainment deductions, petitioner's records are far from sufficient to meet the requirements of section 274(d). The educational and office

supplies deductions were not sufficiently substantiated although subject to a less rigorous standard.  Accordingly, we hold that petitioner is not entitled to deduct any of the amounts in the above categories for 2006.

Cellular Phone--$665

Petitioner testified that she estimated the business use of her cellular phone for 2006.  Although it is reasonable to expect that petitioner used her cell phone for employee and Amazonia business purposes, petitioner's rough methodology in estimating leaves a substantiation gap because deductions for the use of a cell phone are subject to the more rigorous recordkeeping requirements of section 274(d).  Accordingly, petitioner is not entitled to a deduction for cell phone use.

Computer Land Line--$720; P.O. Box--$120; Web Hosting and Access--$100; and Web Site Design--$50

Each of these expenditures was exclusively for the Amazonia business.  The telephone number and service, P.O. box, and related items were listed in the name "Amazonia" and used exclusively for that business activity.  Cf. sec. 262(b). Accordingly, we hold that petitioner is entitled to deduct the above amounts on her Schedule C for 2006.

Although we have decided the allowable amounts and whether the expenses are employee or business related, we leave to the parties the obligation of applying our above holdings and computing the amount of the income tax deficiency, if any.  To

the extent that petitioner's allowable Schedule A deductions are less than the standard deduction otherwise allowable, that should be taken into account in the computation.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.